AO106(Rev.5/85) Affidavit for Search Warrant

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the Search of
(Name, address or brief description of person, property, or premises to be searched)

**2002 SILVER, FOUR-DOOR LINCOLN WITH TINTED WINDOWS BEARING MARYLAND TAG NUMBER 91243CB**

**APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT**

CASE NUMBER:

(Further described below)

I __James J. McCourt__ being duly sworn depose and say:

I am a(n) __Sergeant and Agent with the Internal Affairs Division (IAD) of Metropolitan Police Department of the District of Columbia (MPD)__ and have reason to believe
(Official Title)
that ☐ on the person of or ☒ on the property or premises known as (name, description and or location)

**2002 SILVER, FOUR-DOOR LINCOLN WITH TINTED WINDOWS BEARING MARYLAND TAG NUMBER 91243CB (as further described in the affidavit in support of the search warrant application which is attached hereto and incorporated fully herein).**

in the District of Columbia, there is now concealed a certain person or property, namely (describe the person or property to be searched)

**See Affidavit in support of Search Warrant, incorporated fully herein by reference.**

which is (state one or more bases for search and seizure set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)

**fruits, evidence, and instrumentalities,**

concerning a violation of Title __18__ United States Code, Section(s) __§ 1344__. The facts to support a finding of Probable Cause are as follows:

**SEE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN**

Continued on the attached sheet and made a part hereof.    ☒ YES   ☐ NO

**Tejal Chawla**
**Fraud and Public Corruption Section**
**(202) 353-2442**

Signature of Affiant
**Sergeant, Internal Affairs Division**
**Metropolitan Police Department**

Sworn to before me, and subscribed in my presence

_____    at Washington, D.C.
Date

_____    _____
Name and Title of Judicial Officer    Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, James J. McCourt, being duly sworn, depose and say:

1. I am a Sergeant and an Agent with the Internal Affairs Division (IAD) of the Metropolitan Police Department of the District of Columbia (MPD). I have been employed with MPD since 1992. As part of my duties, I am authorized to conduct investigations, audits, and inspections in connection with the administration and enforcement of law, regulations, orders, contracts, and programs in which MPD may be affected or in which MPD may be involved. One of my duties as a Sergeant in IAD is to investigate suspected criminal activity involving MPD officers or employees. I have received training in investigations. Before becoming an Agent with IAD, I was a Patrol Officer in the Fourth District of MPD for nine years and a Patrol Sergeant in the Sixth District of MPD for five years. In addition to my training and experience, I have a Bachelors of Arts degree from the University of Maryland.

2. I am the case agent for an investigation involving the theft of a new credit card from _____ Washington, D.C. 20002, the residence of Roslyn Boone-Chaplin, on or about August 27, 2007; of attempts on or about August 27, 2007, to activate the credit card and change the personal identification number through the use of a telephone assigned the number (301) 537-8805 with a use of the wires to a telephone assigned an 800 telephone number; and of the attempts to makes charges on the credit card on or about August 27, 2007, and August 28,

1

2007, through attempted withdrawals at Automatic Teller Machines (ATMs) in Washington, D.C.; and of the transportation of such stolen credit card across state lines to attempt to make withdrawals or purchases at an ATM and a gas station in Maryland.

3. This affidavit is made in support of an application for a search warrant for evidence, items, and data at the following locations and on the following person:

   a. _____, <u>Capitol Heights, Maryland 20743 and inside any such areas within the curtilage of that location that would reasonably serve to store or hide items, such as storage sheds, outbuildings, garages, storage containers, trailers, or vehicles</u>: The property located at _____, Capitol Heights, Maryland 20743 is a two-story red brick row house with a red front door and green shutters. The numbers \_\_\_\_\_ are displayed on the red front door;

   b. <u>A 2002, silver four-door Lincoln automobile with tinted windows, with Maryland Tag Number _____</u>; and

   c. <u>The person, clothing, and wallet, and briefcase, backpack, or other related luggage of MPD Officer Donnay A. Davis</u>, a black male; approximately five feet, seven inches tall; weighing approximately 145 pounds; and born on or about _____ 1982; and

    d. <u>Metropolitan Police Department locker number 266 at the Fifth Police District, which is located at 1805 Bladensburg Road, NE, Washington, D.C. 20002</u>.

4. <u>Items to be seized</u>:

    a. Any and all documents, materials, or records pertaining or relating to Roslyn Boone-Chaplin, including but not limited to an Amazon Credit Card issued by Chase Bank;

    b. Any and all cellphones and other portable communication devices, including but not limited to a cellphone assigned the telephone number (301) 537-8805, and including all electronic information stored in those portable communication devices;

    c. Any and all documents, materials, or records pertaining or relating to Washington, D.C. 20002;

    d. Any and all documents, materials, or records relating or pertaining to financial transactions by Donnay Davis, on or about August 27, 2007, through August 31, 2007, including but not limited to ATM receipts and records;

    e. Any and all documents, materials, or records relating to or pertaining to Donnay Davis' location between August 27, 2007 and August 31, 2007, including, but not limited to, notes, day planners, calendars, credit card receipts, cashier receipts, and toll receipts.

    f. Any and all documents, materials, or records relating or pertaining to U.S. Post Office mail boxes, or any other mail receipt facilities;

    g. Indicia of occupancy, residency, rental and/or ownership of the premises, including but not limited to utility and telephone bills, cancelled envelopes, rental purchase or lease agreements, and key(s);

    h. All safes or other locked compartments that cannot be opened on the premises during the search.

5. This request is based on evidence in support of possible violations of Title 18 United States Code Section 1344 (Bank Fraud). It is believed that evidence of violations of that statute will be found in the locations and automobile, and/or in the cellphone or on the person of Donnay Davis, as described above.

6. Based upon my training, experience, and participation in this and other investigations, I am aware of the following facts:

    a. Chase Bank is a financial institution whose assets are insured by the Federal Deposit Insurance Corporation. Chase Bank also issues credit cards.

    b. On Wednesday, August 29, 2007, 11:40 a.m., an attorney phoned the Internal Affairs Division and stated that he represented a woman, later identified to be Roslyn Boone-Chaplin, who alleged to him that recently two Metropolitan Police Officers responded to her home for an alarm when she was not home. She was subsequently informed by her credit card company of suspicious activity on her credit card. She had never activated her credit

4

card. When she looked for her credit card, she noticed it to be missing. Ms. Boone-Chaplin was encouraged to come to IAD and make a report.

c. On or about August 29, 2007, IAD officers reported to 1200 G Street NW, #800, on August 29, 2007, at 12:30 p.m., to meet with Ms. Boone-Chaplin and her attorney.

d. Ms. Boone-Chaplin (hereinafter "Ms. Chaplin") stated that she received a new credit card in the mail. The card was issued by Chase Bank, styled "Amazon Card," and had a sixteen digit credit card number ending in the numbers "8385." She placed the card on her dining room credenza, and did not phone the bank to activate it. She explained she had only applied for the card to receive a special discount on an item she had purchased.

e. On Monday, August 27, 2007, the newly installed Brinks house alarm on Ms. Chaplin's single-family row house at                    sounded at 4:30 p.m. Two police officers were dispatched. On instructions from Ms. Chaplin, neighbors at                    gave the police a key to enter Ms. Chaplin's home. The officers entered and emerged shortly thereafter, stating that everything appeared okay, and there appeared to be no break-in to the home. The officers told the dispatcher that they believed the alarm was triggered accidentally.

f. During her interview with Agent McCourt, Ms. Chaplin stated that she learned on August 27, 2007 that the Brinks alarm in her home at

5

was triggered accidentally. She reported that when she returned home on August 27, 2007 she did not initially observe anything out of place, and saw no evidence of a break-in. On Tuesday, August 28, 2007, at 8:30 p.m., Chase Bank phoned Ms. Chaplin at her home to verify a suspicious attempted transaction on her Amazon Card. Ms. Chaplin was surprised because she had not activated the card. Ms. Chaplin reported that she discovered the card was missing from where she left it on the credenza after she spoke with Chase Bank. Ms. Chaplin stated that she spoke to a representative of the bank who informed her that more than one transaction had been attempted. The representative told Ms. Chaplin that a phone call to Chase Bank had been made to establish a PIN number for the card. She was told the call came from phone number 301-537-8805. She reported that she was not familiar with the phone number.

g. Ms. Chaplin reported that she phoned the number 301-537-8805. A voicemail answered with a male voice. Ms. Chaplin had to listen to the message several times, and believed it to be the voicemail of a person named "Dominic" or Dominay," although she wasn't certain.

h. Ms. Chaplin reflected upon visitors to her home in the recent past. At approximately 9:10 p.m., she phoned the police non-emergency number to find out which officers had responded to her home for the burglar alarm on the afternoon of August 27, 2007. The dispatcher identified the two officers

6

as "Donnay Davis" and "Vensen Wytch." Ms. Chaplin reported that she again phoned the number 301-537-8805, and with certainty realized the name on the voicemail was "Donnay."

i. Ms. Chaplin at 11:13 p.m. again telephoned Chase Bank. The bank would not FAX records of the attempted transactions, but told her on the phone there were records of the following attempted transactions:

   i. 8-27-07, a transaction attempt for $800, at ATM in the Union Station Garage;

   ii. 8-27-07, a transaction attempt for $600, at the ATM in the Union Station Garage;

   iii. 8-27-07, a transaction attempt for $300, at Silver Hill Road, District Heights, Maryland;

   iv. 8-28-07, a transaction attempt at Hillcrest, Maryland BP gas station.

j. On August 30, 2007, Agent McCourt obtained bank records from Chase Bank showing the following attempted transactions on Ms. Chaplin's Amazon Card credit card:

   i. August 27, 2007, at 6:37 p.m., in the amount of $802, at the SunTrust ATM at the Union Station garage;

   ii. August 27, 2007, at 6:38 p.m., in the amount of $602, at the SunTrust ATM at the Union Station garage;

7

      iii. August 27, 2007, at 11:13 p.m., in the amount of $302.50, at the Silver Hill No.1, at 5720 Silver Hill Road, District Heights, Maryland; and

      iv. August 28, 2007, at 8:53 p.m., in the amount of $1, at the Hillcrest BP gas station.

k. On August 29, 2007, at approximately 4:30 p.m., Agent James McCourt of IAD telephoned the number 301-537-8805. The voicemail answered with a male voice identifying the number as that of "Donnay." An audio tape of the answering machine message was recorded;

l. Agent McCourt obtained a copy of an Autotrack record identifying the phone number 301-537-8805 as that of Donnay Davis. The Autotrack record listed the most recent address of Donnay Davis as

      , Capitol Heights Maryland, 20743;

m. On August 29, 2007, Agent McCourt telephoned dispatcher #501003 at the MPD Communications Division. The dispatcher could not provide a printout of the CAD at the time, but relayed there was only one call for service for the afternoon of August 27, 2007 for       . The dispatcher following radio run information for that radio run from her computer screen:

      i. 4:30 p.m., Brinks called MPD for the alarm at     ,

8

      ii. 5:03 p.m., Cruiser 5013 with Officers Venson Wytch and Donnay Davis dispatched;

      iii. 5:05 p.m., Cruiser 5013 on the scene; and

      iv. 5:23 p.m., Cruiser 5013 clears alarm: accidental;

n. On August 30, 2007 Agent McCourt obtained a copy of the August 27, 2007 "Daily Vehicle Inspection and Activity Report" for Cruiser "5013" that was completed by the officers who utilized the Cruiser. The record indicated that Cruiser 5013 was used by Officers Venson Wytch and Donnay Davis from 2:00 pm until 10:30 pm on August 27, 2007. The record also indicates that the Officers reported on the Report that they responded to a run for an "Alarm" at _____. in the late afternoon of August 27, 2007.

o. On or about August 30, 2007, Agent McCourt learned from a representative of Chase Bank that the computers at Chase Bank identified the telephone number (301) 537-8805 as having made at least three calls on August 27, 2007, to Chase Bank to activate Ms. Chaplin's Amazon Card credit card (card number ending in "8385") and set or attempt to set a personal identification number. The times of these calls (EDT) on August 27, 2007 were:

      i. 5:23 p.m.;

      ii. 6:34 p.m.; and

      iii. 6:35 p.m.

p. Agent McCourt obtained a copy of a Maryland vehicle registration record for Donnay Davis, indicating that Davis has a 2002 Lincoln four-door with Maryland tags          . The car is dual registered to Donnay Davis and another individual.

q. Lieutenant Dean Welch confirmed that on May 19, 2007, Officer Donnay Davis filed a change of address form with the MPD, notifying his employer of his change of address from Medora Drive in Suitland, Maryland, to his new address at                          , Capitol Heights Maryland 20743;

r. On August 30, 2007, at 1:00 p.m., Agent Arthur Gregory responded to                          , Capitol Heights Maryland 20743. Agent Gregory observed Donnay Davis in front of the single family rowhouse. Davis was wearing dark blue pants consistent with police uniform pants, and a dark blue shirt. He was standing near a silver Lincoln four-door with tinted windows; he was holding garden hose and was possibly washing the car. There was no front tag displayed on the car and the rear tag was not visible. At 1:10 p.m., Davis got into his car and drove away. Davis was scheduled to be at work in the Fifth District MPD Police Station at 2:00 p.m. Agent Gregory responded to the Fifth District station and observed what appeared to be the same car that he had seen at parked                          , Capitol Heights Maryland on the Fifth District parking lot. Agent Gregory noted that the car had rear tags displayed of Maryland tag          ;

s. On August 29, 2007 Agent Gregory took a photograph of _____, Capitol Heights Maryland which shows a two story red brick row house with a red front door and green shutters. The numbers are displayed on the red front door.

t. Based upon a preliminary review of personnel records, Officer Donnay Davis was working on August 27, 2007, from 2:00 p.m. to 10:30 p.m.; and that he was working on August 28, 2007, from 2:00 p.m. to 10:30 p.m.

u. The Fifth Police District (MPD) assigns lockers to officers and maintains records of the locker assignments. Lieutenant Dean Welch has examined the Fifth Police District (MPD) administrative records and reports that Officer Donnay Davis has been assigned the exclusive use of locker number "266" in the men's locker room. The locker is contained within the men's locker room next to other lockers that are identified by metal plates riveted onto the lockers that are numbered in sequential order. The locker is secured with a combination lock whose number combination is maintained by the Fifth Police District. The locker is located in the Fifth Police District station at which is located at 1805 Bladensburg Road, NE, Washington, D.C. 20002.

v. Donnay Davis is an Officer with MPD who is assigned as a patrol officer to the Fifth Police District. Officer Davis is a black male, listed at five foot seven inches (5' 7") tall and 145 pounds, with brown eyes, and a date of birth of _____, 1982.

7. Based upon my training and experience, and upon the training and experience of other investigators participating in this investigation, I know the following:

   a. It is common for individuals involved in financial crimes to maintain financial documents and records relating to both their personal and business financial affairs. It is also common for such persons to maintain financial records and instruments that are the proceeds, or facilitating property or instruments, of illegal activity. It is common for such persons to maintain this information in locations where they can easily access these records and instruments, including their homes and living areas;

   b. It is common for MPD officers to store personal items and belongings and police equipment in their MPD-issued lockers, at their police district station;

   c. It is common for MPD officers to store personal items in their personal vehicles, including papers, clothing, and other personal items;

   d. It is common for MPD officers to store personal and professional items in patrol bags, briefcases, and other luggage in their MPD-assigned scout cars during their tour of duty;

   e. It is common for MPD officers to carry on their person, during and after their tours of duty, their personal cellphones and other personal communications equipment, in addition to any MPD-issued communications equipment; and

 f. It is common for MPD officers to carry on their person, during and after their tours of duty, credit cards and other financial instruments, and receipts of financial transactions, in their wallets or pockets, in other parts of their clothing, and in backpacks, briefcases, and other related handbags or luggage.

Based on the foregoing, I submit there is probable cause to believe that evidence of violations will be found at ⌞    ⌟, Capitol Heights, Maryland 20743 and inside any such areas within the curtilage of that location that would reasonably serve to store or hide items, such as storage sheds, outbuildings, garages, storage containers, trailers, or vehicles; in a 2002, silver four-door Lincoln automobile with tinted windows, with Maryland Tag Number ⌞  ⌟; in a MPD locker number 266 at the Fifth District (located at 1805 Bladensburg Road, NE, Washington, D.C. 20002), and on the person of, in the clothing of, or in a backpack, briefcase, or other bag of, Donnay Davis.

_____
James J. McCourt
Sergeant, Internal Affairs Division
Metropolitan Police Department
51 N Street, NE
Washington, D.C. 20002

Subscribed and sworn to before me this _____ day of _____, 2007.

_____
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF COLUMBIA